STATE OF NORTH CAROLINA v. SHERRY BRIGHT

No. 295A86

(Filed 28 July 1987)

**1. Criminal Law § 50.1— child abuse—opinion of child psychologist—admissible**

In a prosecution for first degree sexual offense, felonious child abuse and assault on a child under twelve, there was no error in allowing a child

State v. Bright

psychologist to testify on redirect examination that in his opinion the perpetrator was a woman where defendant had opened the door by asking why the witness had recommended that the child not be returned to her mother's custody.

**2. Criminal Law §§ 73.5, 80— child abuse—medical records—admissible**

There was no error in a prosecution for first degree sexual offense, felonious child abuse, and assault on a child under twelve from the admission of certain of the victim's medical records where the records were first referred to by defendant on cross-examination of a social worker; the prosecutor on redirect examination of the social worker asked additional questions about the records; the prosecutor later asked a doctor about the records; and defendant's request for a limiting instruction was denied. Defendant did not object to the admission of the records on hearsay grounds; and the trial judge refused to pass the records to the jury out of an abundance of caution and instead permitted both attorneys to argue from the records to the extent that the records were testified to by the witnesses, correctly ruling that they could be considered under an exception to the hearsay rule. Furthermore, defendant opened the door to the admission of the records by questioning the witness for the first time regarding the records on cross-examination. N.C.G.S. § 8C-1, Rule 803(6) (1986).

**3. Rape and Allied Offenses § 4— reference to prior juvenile court proceeding— motion to strike denied**

In a prosecution for first degree sexual offense, felonious child abuse, and assault on a child under twelve, the trial judge did not err by denying defendant's motions to strike testimony from a social worker that she was aware of a juvenile court determination that defendant had abused the child. Defendant had asked the witness for the basis of her opinion that the victim had been abused, and the reference to the prior proceeding was properly admitted as forming the basis of the witness's opinion.

**4. Criminal Law §§ 166, 53— child abuse—basis of psychologist's opinion—statements of victim—admissible**

In a prosecution for first degree sexual offense, felonious child abuse, and assault on a child under twelve, where defendant's motion to strike a psychologist's testimony that the victim had told him that she had been sexually abused was denied, defendant waived her exception to the ruling by offering neither argument nor authority to support her contention that the trial court had erred. Moreover, the testimony was admissible because it formed the basis of the psychologist's expert opinion as to the existence of sexual abuse, the statement was made to the doctor during the course of his diagnosis and treatment of the victim, and the statement was corroborative of the victim's own testimony that she had been sexually abused. N. C. Rules of App. Procedure, Rule 28(b), N.C.G.S. § 8C-1, Rules 705 and 803(4).

**5. Criminal Law § 99.8— child abuse—questions posed by court to psychologist— no error**

There was no error in an action arising from the sexual abuse of a child where the court posed questions to a psychologist who had treated the child.

State v. Bright

The questions were intended merely to establish the foundation for the admissibility of his opinion in the face of defendant's objections and there was nothing in the questions to indicate a bias in favor of the State or against defendant. N.C.G.S. § 8C-1, Rule 614(a) (1986).

6. **Criminal Law § 99.5— child abuse—court's instruction of counsel—no error**

In an action arising from the sexual abuse of a child, there was no basis for defendant's complaints that the trial judge assisted the district attorney during bench conferences and in front of the jury.

7. **Criminal Law § 99.1— child abuse—expression of opinion as to age of victim by court—no prejudice**

There was no prejudice in an action for first degree sexual offense, felonious child abuse, and assault on a child under twelve from the court's statement during his introductory remarks that the judge understood the child to be six years old. Although age was an element in these crimes, defendant herself testified to the victim's age and there was no dispute on that point.

8. **Criminal Law § 53— child abuse—psychologist's testimony based on medical records—admissible**

There was no abuse of discretion in a prosecution arising from the sexual abuse of a child in admitting a psychologist's opinion which was based on medical records prepared by the Developmental Evaluation Center of Duke Hospital (DEC) where a doctor testified that psychologists typically relied upon such reports and the records themselves were properly admitted under an exception to the hearsay rule. N.C.G.S. § 8C-1, Rule 803(6).

BEFORE *Brannon, J.,* at the 10 November 1985 Criminal Session of Superior Court, DURHAM County, defendant was convicted of first-degree sexual offense, felonious child abuse, and assault on a child under twelve. Defendant was sentenced to life imprisonment for the sexual offense, five years for the felony child abuse, and two years for the assault. Defendant's motion to bypass the Court of Appeals on the felony child abuse and assault convictions was allowed on 25 November 1986. Defendant appeals the life sentence as of right pursuant to N.C.G.S. § 7A-27(a). Heard in the Supreme Court on 9 June 1987.

*Lacy H. Thornburg, Attorney General, by Philip A. Telfer, Assistant Attorney General, for the State.*

*Darryl G. Smith for defendant-appellant.*

MEYER, Justice.

The prosecuting witness in this case was the five-year-old daughter[1] of defendant. On 28 November 1983, she was living with her mother, father, and baby brother in her paternal grandmother's house. On that day, her school principal and her grandmother noticed bruising and scratching under her left eye. The victim told her principal that her mother had punished her because she did not know the days of the week. The principal notified the Durham County Department of Social Services (DSS) of the possibility of child abuse. Two social workers met with defendant and her husband. The child was temporarily placed in foster care, and defendant was advised regarding various social services available to help with the emotional, domestic, and financial problems she was experiencing.

While the victim was in foster care, Dr. Mary Vernon conducted a routine physical examination on her. This examination revealed bruises on the child's thighs, redness in the vaginal area, and a dilated hymen.

The victim told her foster mother, social worker Mary Sue Cherney, and psychologist Mark Everson that her mother had put a vibrator in her vagina and had beaten her.

Defendant was indicted on 4 June 1984 for first-degree sexual offense, indecent liberties, felony child abuse, and assault on a child under twelve. The date of these offenses was alleged to be 21 November 1983. Dr. Vernon testified at trial that, in her opinion, the victim's vagina had been penetrated, although not recently. Dr. Vernon also testified that the vagina could have been penetrated by a vibrator.

[1] Defendant first argues that the trial judge erred in allowing certain testimony from child psychologist Mark Everson. Dr. Everson was called to testify for the State and was qualified by the court as an expert on child psychology. Dr. Everson testified that he had examined the victim while she was in temporary foster care and had formed the opinion that she had been sexually

---

1. Although all references to the victim's age in the record, briefs, and transcript have her as six years old, she had actually not yet reached her sixth birthday at the time of the offenses charged.

abused, based upon his own examination and the medical records provided him, as well as upon his knowledge of prior proceedings against defendant in the juvenile court. Dr. Everson further testified that he had recommended that the child not be returned to her mother. He also testified that in cases of child sexual abuse, the identity of the perpetrator is important in determining the course of treatment and prevention of further episodes of abuse.

On cross-examination, defendant asked Dr. Everson if he had not assumed from the start of his examination that defendant had been the perpetrator of the abuse. Defendant also asked Dr. Everson to explain why he had recommended that the child not be returned to her mother's custody.

On redirect, the prosecutor asked Dr. Everson for his opinion as to the identity of the person who had sexually abused the victim. Defendant objected, and Dr. Everson was not allowed to answer. The district attorney then asked Dr. Everson to explain further why he had recommended permanent foster care for the victim. Dr. Everson responded that his recommendation was based in part on his belief that a woman had sexually abused the victim and that her father had done nothing to prevent it. Defendant's objection to this answer was overruled and her motion to strike denied.

Defendant argues that the trial court erred in allowing Dr. Everson to testify that, in his opinion, "in this case the perpetrator is a woman." She relies on *State v. Keen*, 309 N.C. 158, 305 S.E. 2d 535 (1983), a case decided before the new Rules of Evidence went into effect. In *Keen*, a psychiatrist was asked whether a sexual assault related to him by the prosecuting witness had in fact happened or whether it was the product of the prosecuting witness' fantasy. The psychiatrist opined that the sexual assault had in fact happened. We held that this testimony amounted to an opinion as to the guilt of the defendant and constituted reversible error.

*Keen* is not apposite here. During cross-examination, defendant had asked Dr. Everson why he had made his recommendations. Thus, defendant "opened the door" to the complained-of elaboration on redirect examination. *State v. McKinney*, 294 N.C. 432, 241 S.E. 2d 503 (1978). This assignment of error is overruled.

[2] Defendant next argues that the trial judge erred in refusing to grant her request for an instruction limiting the admissibility of certain medical records prepared by the Developmental Evaluation Center (DEC) of Duke Hospital. Defendant contends that the records should only have been considered as forming the basis for actions by the witnesses, rather than for their truth. We find no error in the judge's rulings.

Prior to jury selection, defendant objected to the State introducing the medical records. The trial judge withheld ruling until trial. The first time thereafter that the medical records were referred to was by defendant during her cross-examination of social worker Sue Cherney. The prosecutor, on redirect, asked additional questions about the records. Later in the trial, Dr. Everson also was asked by the prosecutor about the records. Defendant requested a limiting instruction to the effect that the records could only be admitted as forming the basis of the doctor's opinion as to whether the victim had been abused. The court denied this instruction, admitting the records as substantive evidence to prove their content.

Defendant argues that the medical records were inadmissible as hearsay. However, it appears that when the State moved to introduce the records into evidence, defendant did not object on hearsay grounds. Her only objection was that documents other than those specifically referred to by the witness were included in the report. Defendant conceded that all of the records were of a medical nature and were medical records of the victim. We note that, in an abundance of caution, the trial judge refused to pass the records to the jury. Instead, he permitted both attorneys to argue from the records, to the extent that the records were testified to by the witnesses. As to those portions the trial judge correctly ruled that they could be considered under an exception to the hearsay rule. N.C.G.S. § 8C-1, Rule 803(6) (1986). *See State v. DeGregory*, 285 N.C. 122, 203 S.E. 2d 794 (1974).

We also note that defendant opened the door to the admission of these medical records. In *State v. McKinney*, 294 N.C. 432, 241 S.E. 2d 503 (1978), a State witness was questioned upon defense cross-examination about a conversation with another person. We held that this questioning opened the door for the State to ask about the substance of that conversation, notwithstanding

a hearsay objection. Here, defendant questioned the witness for the first time regarding the DEC records on cross-examination, opening the door for the district attorney's questions on redirect. This assignment of error is overruled.

[3] Defendant next argues that the trial judge erred in denying her motions to strike testimony that she contends was nonresponsive. Defendant cross-examined social worker Sue Cherney about bias against defendant, asking if Cherney did not have a preconceived notion that defendant had abused her daughter. In response, the witness said that she was aware of a juvenile court determination that defendant had abused the child. The trial judge overruled defendant's motion to strike the reference to the juvenile court proceedings. Defendant argues that this was error. We disagree.

Defendant asked the witness for the basis of her opinion that the victim had been abused. The reference to the prior proceeding was properly admitted as forming the basis of the witness' opinion. *State v. Wade*, 296 N.C. 454, 251 S.E. 2d 407 (1979).

[4] Defendant next complains that the trial judge improperly denied her motion to strike the response of Dr. Everson to a question by the district attorney. The district attorney asked Dr. Everson if the victim had told him anything in the course of his treatment of her that had formed the basis of his opinion that defendant had abused her. Dr. Everson testified that the child had told him that she had been sexually abused. Defendant moved to strike on the ground that the answer was unresponsive, went to the ultimate issue, and was hearsay. The trial court denied the motion. Defendant offers neither argument nor authority to support her contention before this Court that the trial judge erred in this ruling. She has therefore waived her exception to this ruling. N.C.R. App. P. 28(b). We note, however, that there are at least three grounds for the admissibility of Dr. Everson's response. First, the victim's statement to Dr. Everson formed the basis of his expert opinion as to the existence of sexual abuse. N.C.G.S. § 8C-1, Rule 705 (1986). *See State v. Allison*, 307 N.C. 411, 298 S.E. 2d 365 (1983); *State v. Wade*, 296 N.C. 454, 251 S.E. 2d 407. Second, the statement was made to Dr. Everson during the course of his diagnosis and treatment of the victim. N.C.G.S. § 8C-1, Rule 803(4) (1986). *See State v. Franks*, 300 N.C. 1, 265

S.E. 2d 177 (1980). Third, it was merely corroborative of the victim's own testimony that she had been sexually abused. *See State v. Burns*, 307 N.C. 224, 297 S.E. 2d 384 (1982). This assignment of error is overruled.

Defendant next argues that the trial judge was biased in favor of the prosecution in this case and that this bias was communicated to the jury in violation of N.C.G.S. § 15A-1222. We disagree.

[5] Defendant argues that the trial judge's personal interrogation of Dr. Everson was an attempt by the judge to assist the district attorney. Having carefully reviewed the transcript, we conclude that this argument has no merit. The questions posed to Dr. Everson were intended merely to establish the foundation for the admissibility of his opinion in the face of defense objections. Our Rules of Evidence permit the trial judge to question witnesses. N.C.G.S. § 8C-1, Rule 614(a) (1986). *See State v. Staley*, 292 N.C. 160, 232 S.E. 2d 680 (1977). We see nothing in the questions posed by the judge to indicate a bias in favor of the State or against the defendant.

[6] Defendant argues further that the trial judge assisted the district attorney during bench conferences and in front of the jury. We have examined the transcript carefully and can find no basis for the defendant's complaints. Where the trial judge instructed counsel, he did so without expressing, directly or indirectly, his opinions as to the merits of the case.

[7] Next, the defendant argues that the trial judge improperly expressed an opinion as to the age of the prosecuting witness. This argument is without merit.

During his introductory remarks to the jury, the trial judge read out the allegations against defendant. During the course of this introduction, the judge identified the child and said that he "understands [she was] then six years old." While defendant is correct that the age of the victim was an element in these crimes, we see no prejudice to her by the judge's comment. There was no dispute as to the victim's age, this being testified to by the defendant herself. Even assuming, *arguendo*, that the trial judge erred in noting the victim's age, we hold that any such error was harmless beyond a reasonable doubt. *See State v. Silhan*, 302 N.C.

223, 275 S.E. 2d 450 (1981) (*lapsus linguae* during instructions harmless error). This assignment of error is overruled.

[8] Finally, defendant argues that she was unfairly prejudiced by the expert testimony of Dr. Everson. Defendant concedes, *arguendo*, that the records upon which Dr. Everson relied were admissible. Defendant argues, however, that Dr. Everson was not reasonable in relying upon the DEC records and that the trial judge should have so found. We disagree.

An expert may base his opinion upon information reasonably relied upon by those in his field. *State v. DeGregory*, 285 N.C. 122, 203 S.E. 2d 794 (1974). Dr. Everson testified that psychologists typically relied upon reports such as the one prepared by the DEC. The trial judge was fully justified in admitting Dr. Everson's opinion based upon those records. Moreover, the records themselves were properly admitted under an exception to the hearsay rule. *See* N.C.G.S. § 8C-1, Rule 803(6) (1986). The question of whether Dr. Everson was reasonable in relying on the records, like the question of whether Dr. Everson was qualified to testify as an expert, was within the discretion of the trial judge. *State v. Bullard*, 312 N.C. 129, 322 S.E. 2d 370 (1984). We find no abuse of that discretion here.

We hold that the defendant received a trial free of prejudicial error.

No error.