STATE OF NORTH CAROLINA v. MICHAEL BULLOCK, SR.

No. 639A86

(Filed 7 October 1987)

1. **Criminal Law § 73.5— statements by abused children—medical treatment exception to hearsay rule**

    Testimony by a pediatrician and by a psychologist as to statements and demonstrations by two children indicating that they had been sexually abused and that the perpetrator was their father, the defendant, was admissible under the medical diagnosis and treatment exception to the hearsay rule. N.C.G.S. § 8C-1, Rule 801(c).

2. **Criminal Law § 51.1— child sexual abuse—qualification of expert**

    The trial court properly qualified a witness as an expert in pediatrics and the diagnosis of child sexual abuse on the basis of evidence that the witness had been a pediatrician for twenty-six years and had regularly seen around 150 children per week; he had both taught and attended seminars on child sexual abuse; and he was on the Advisory Board of the Child Medical Examiner's Program, a state and federally funded program established to evaluate whether children have been abused.

**3. Criminal Law § 73.2— medical treatment exception—statements to psychologist**

   Statements made by a victim of child sexual abuse during the course of diagnosis and treatment were not inadmissible because they were made to a psychologist rather than to a medical doctor.

**4. Criminal Law § 113— summary of evidence, application of law not required**

   The trial court was not required to summarize the evidence or explain the application of the law to the evidence. N.C.G.S. § 15A-1232.

   Chief Justice EXUM concurring.

APPEAL by defendant pursuant to N.C.G.S. § 7A-27(a) (1986) from the imposition of a sentence of life imprisonment upon his conviction of two counts of first degree sexual offense before *Pope, J.*, at the 21 July 1986 Criminal Session of Superior Court, DURHAM County. Heard in the Supreme Court 8 September 1987.

*Lacy H. Thornburg, Attorney General, by Ellen B. Scouten, Assistant Attorney General, for the State.*

*Nathaniel L. Belcher for defendant-appellant.*

WHICHARD, Justice.

Defendant was convicted of two counts of first degree sexual offense. The trial court consolidated the cases for judgment and sentenced him to life imprisonment. N.C.G.S. §§ 14-27.4, 14-1.1 (1986).

Defendant's older son testified that, when he was between seven and nine years old, defendant had sexually assaulted him by performing fellatio on him and making him perform fellatio on defendant. The older son and a younger son testified that defendant had also sexually assaulted the younger son in the same manner when that child was four.

After the older son told his stepmother that defendant had been molesting him, defendant took him to a psychiatrist. The Durham County Department of Social Services (DSS) began an investigation of defendant for sexual abuse and arranged for the older son to be evaluated by Dr. Charles Schaffer, a pediatrician and child medical examiner. Dr. Schaffer testified that during his interview with the older son the boy indicated with anatomical dolls that defendant had sucked on his penis. Based on the boy's

statements and behavior, Dr. Schaffer diagnosed child sexual abuse and arranged for the boy to get inpatient psychiatric treatment.

DSS requested that Dr. Schaffer also evaluate the younger son. Dr. Schaffer testified that during the evaluation this boy indicated with anatomical dolls that defendant had placed his penis in the boy's mouth while holding and patting his head. Dr. Schaffer diagnosed child sexual abuse and recommended psychological treatment. DSS referred the younger son to Dr. Carolyn Schroeder, a child psychologist, to determine his psychological status and treatment needs. Dr. Schroeder testified that on one of the boy's visits to her he indicated with anatomical dolls that defendant had placed his penis in the boy's mouth.

[1] Defendant contends that the testimony of Dr. Schaffer and Dr. Schroeder should not have been admitted as substantive evidence. The testimony of both as to the children's statements was hearsay because the statements were made by one other than the declarant at trial and were offered to prove the truth of the matter asserted, i.e., that defendant had sexually assaulted his sons. N.C.G.S. § 8C-1, Rule 801(c) (1986). However, the trial court admitted the testimony as substantive evidence under Rule 803(4), which provides an exception to the hearsay rule for

> [s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

N.C.G.S. § 8C-1, Rule 803(4) (1986).

The statements and non-verbal conduct in question were clearly made for the purpose of medical diagnosis and treatment. Both children talked about the abuse and demonstrated what had happened, using anatomical dolls, as part of the diagnosis and treatment process. The statements and demonstrations were, equally clearly, pertinent to medical diagnosis and treatment. In the context of child sexual abuse or child rape, a victim's statements to a physician as to an assailant's identity are pertinent to diagnosis and treatment. *State v. Aguallo*, 318 N.C. 590, 597, 350 S.E. 2d 76, 80 (1986). First, a proper diagnosis of the child's

psychological problems resulting from sexual abuse or rape will often depend on the identity of the abuser. Second, information that a child sexual abuser is a member of the patient's household is reasonably pertinent to a course of treatment that includes removing the child from the home. *Id.* Therefore, the testimony as to the statements and demonstrations by the children indicating that they had been sexually abused and that the perpetrator was their father, the defendant, were admissible under Rule 803(4).

[2]  Defendant argues that Dr. Schaffer's testimony was not admissible because he had received little, if any, academic training concerning abused children. The record establishes, however, that Dr. Schaffer had extensive experience and training in the area of child sexual abuse. He had been a pediatrician for twenty-six years and had regularly seen around 150 children per week. He had both taught and attended seminars on child sexual abuse. He was on the Advisory Board of the Child Medical Examiner's Program, a state and federally funded program established to evaluate whether children have been abused. On the basis of the foregoing evidence, the trial court properly qualified Dr. Schaffer as an expert in pediatrics and the diagnosis of child sexual abuse. *See State v. Baker*, 320 N.C. 104, 108-09, 357 S.E. 2d 340, 343 (1987).

[3]  Defendant further contends that Dr. Schroeder's testimony was not admissible under Rule 803(4) because she is a psychologist, not a medical doctor. We recently noted that statements made by a victim of child sexual abuse to a psychologist during the course of diagnosis and treatment are admissible under Rule 803(4). *State v. Bright*, 320 N.C. 491, 497, 358 S.E. 2d 498, 501 (1987). This contention is without merit.

[4]  Finally, defendant contends that the trial judge erroneously failed to summarize the evidence or explain the application of the law to the evidence. This argument is without merit. A trial judge "shall not be required to state, summarize or recapitulate the evidence, or to explain the application of the law to the evidence." N.C.G.S. § 15A-1232 (1985).

For the reasons set forth, we find that the defendant received a fair trial, free from prejudicial error.

No error.

Chief Justice EXUM concurring.

Were the Court deciding for the first time the issue of the admissibility of the testimony of Dr. Schaffer and Dr. Schroeder, I would hold this testimony admissible only for corroborative purposes for the reasons stated by then Chief Justice Billings, dissenting, in *State v. Aguallo*, 318 N.C. 590, 350 S.E. 2d 76 (1986). Since the majority opinion in *Aguallo* controls this issue favorably to the state's position and I am bound thereby, I concur in the opinion and decision here.