STATE v. HARRIS

[115 N.C. App. 560 (1994)]

STATE OF NORTH CAROLINA v. WILLIE LEE HARRIS, Defendant

No. 9310SC998

(Filed 19 July 1994)

1. **Evidence and Witnesses § 1469 (NCI4th)— attempted robbery with dangerous weapon—bottleneck found at crime scene—admissibility**

   In a prosecution of defendant for attempted robbery with a dangerous weapon, the trial court did not err in admitting into evidence a broken bottleneck where defendant pushed a rock-like object into the face and lip of his victim and told her he would cut her bad; the victim believed she had been cut and was extremely scared; defendant's movements were limited to a very small area through which no one else walked between the time defendant grabbed the victim and the policeman arrived; the policeman watched defendant continuously; the policeman saw defendant drop something that was dark and no larger than a baseball that made a "glassy sound" when it hit the ground; the bottleneck was the only big object found in the area and no other bottle parts were found in the area; and the policeman frisked defendant for weapons, without finding anything, even though defendant did have some implement in his hand when he attacked the victim.

   **Am Jur 2d, Evidence §§ 936 et seq.**

2. **Robbery § 84 (NCI4th)— attempted robbery with dangerous weapon—sufficiency of evidence**

   Evidence was sufficient to be submitted to the jury in a prosecution for attempted robbery with a dangerous weapon where it tended to show that defendant grabbed his victim around the neck from behind, held a broken bottleneck against her face and lip, and threatened to cut her bad.

   **Am Jur 2d, Robbery § 89.**

Appeal by defendant from judgment entered 10 June 1993 by Judge Gregory A. Weeks in Wake County Superior Court. Heard in the Court of Appeals 7 June 1994.

*Attorney General Michael F. Easley, by Assistant Attorney General E. Clementine Peterson, for the State.*

*John T. Hall for defendant appellant.*

STATE v. HARRIS

[115 N.C. App. 560 (1994)]

COZORT, Judge.

Defendant was convicted of attempted robbery with a dangerous weapon and sentenced to fourteen years in prison. On appeal defendant contends the trial court erred in overruling his objection to the introduction of a broken bottleneck. Defendant also contends the trial court erred by denying defendant's motion to dismiss the charges on the grounds of insufficiency of the evidence. We find no error.

The State offered evidence tending to show that on 13 February 1993, sixteen-year-old Joan Marie Pittman left work and walked to her car in the Raleigh Civic Center parking lot. As she opened her car door, the defendant, Willie Lee Harris, grabbed her around the neck from behind. He ordered Ms. Pittman to get in the car or he would "cut her bad." Ms. Pittman felt a sharp, rock-like object pushing against her face and lip. She thought defendant had cut her face. Ms. Pittman was extremely scared and struggled with defendant and screamed for help.

Raleigh Police Detective R.F. Holsclaw observed defendant grab Ms. Pittman, and he drove quickly to the area where Ms. Pittman continued to struggle with defendant. When defendant saw Detective Holsclaw approaching, he released Ms. Pittman and started to walk away. Detective Holsclaw blocked defendant's path, approximately seven or eight feet from Ms. Pittman's car. Detective Holsclaw watched defendant continuously, and as he exited his car, he saw defendant's hand drop and something leave defendant's hand. Detective Holsclaw stated that he heard a "cling" which he described as a "glassy" sound. The object that dropped from defendant's hand was dark in color and no larger than a baseball. After defendant dropped the object, he moved two or three feet in front of the left front tire of Holsclaw's car. Detective Holsclaw patted defendant down for weapons, handcuffed him, and called for help from another officer.

Officer D.L. Williams arrived, and Detective Holsclaw directed him to the area about five feet away where the Detective saw defendant drop the object. Officer Williams testified it was a "pretty small area" between Ms. Pittman's car and the detective's car. Detective Holsclaw testified that no one else had walked through that area in the interim. The top of a broken bottle was the only big object on the ground in that area. There were no other bottle parts in the area.

[1] Defendant's first contention on appeal is that the trial court erred by overruling his objection to the State's Exhibit No. 1, the broken

bottleneck. Defendant argues there was insufficient evidence to prove that he was ever in possession of the bottle top or that it was used in the attempted robbery. Defendant contends that, since Ms. Pittman never saw the object, and Detective Holsclaw stated only that the object was dark, smaller than a baseball, and made a "glassy sound," there was insufficient evidence to link the bottleneck to the attempted robbery. Citing *State v. Baker*, 320 N.C. 104, 108, 357 S.E.2d 340, 343 (1987), defendant argues that the bottleneck should have been excluded because the speculation and conjecture required to establish a connection between this object and the crime divested this evidence of any probative value. We disagree.

We find it was within the trial court's discretion to admit this exhibit because there was sufficient evidence from which the jury could infer that the bottleneck was the dangerous implement defendant used or threatened to use in the attempted robbery. The following evidentiary facts clearly link the broken bottleneck to the defendant and his attempted robbery of Ms. Pittman: (1) defendant pushed a rock-like object into the face and lip of Ms. Pittman, and said, "I'll cut you . . . I'll cut you bad"; (2) Ms. Pittman believed she had been cut, and she was extremely scared; (3) defendant's movements were limited to a very small area, and no one else walked through the area in between the time defendant grabbed Ms. Pittman and when Detective Holsclaw arrived; (4) Detective Holsclaw watched defendant continuously; (5) Detective Holsclaw saw defendant drop something that was dark-looking and no larger than a baseball, that made a "glassy sound" when it hit the ground; (6) the bottleneck was the only big object found in the area, and no other bottle parts were found in the area; and (7) Detective Holsclaw frisked defendant for weapons, without finding anything, even though defendant did have some implement in his hand when he attacked Ms. Pittman.

Defendant's argument that this evidence requires the trier of fact to speculate in order to conclude that the bottleneck was the dangerous implement used by the defendant is unpersuasive. Essential facts can be proved by circumstantial evidence where the circumstance raises a logical inference of the fact to be proved. *State v. Boomer*, 33 N.C. App. 324, 327, 235 S.E.2d 284, 286, *cert. denied*, 293 N.C. 254, 237 S.E.2d 536 (1977). The evidentiary facts recited above establish a logical inference that the dangerous weapon or implement used by defendant in the attempted robbery was the exhibit introduced by the State.

**[2]** Defendant's second contention is that the trial court erred in denying defendant's motion to dismiss the charges on the grounds of insufficient evidence. The burden was on the State to prove the following elements of N.C. Gen. Stat. § 14-87 (1993): (1) the unlawful taking or attempted taking of personal property from another; (2) the possession, use or threatened use of a dangerous weapon, implement, or means; and (3) danger or threat to the life of the victim. This court's standard of review, as established in *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984), is to determine the sufficiency of the evidence in the light most favorable to the State.

Defendant argues that there was insufficient evidence to support either intent or the possession, use, or threatened use of a dangerous weapon, implement, or means. Defendant argues there was no evidence to establish that the object Ms. Pittman felt against her face was dangerous because it did not cut her, and because there was no evidence regarding defendant's intent to use the implement. Defendant further argues that Ms. Pittman's fear of injury was not sufficient, and also argues the fact that Ms. Pittman was not cut shows that defendant did not intend to cut her.

The statute itself does not require the State to prove that defendant intended to cut Ms. Pittman. *State v. Richardson*, 279 N.C. 621, 628, 185 S.E.2d 102, 108 (1971), stands for the proposition that there is no need for serious injury or intent to inflict harm under N.C. Gen. Stat. § 14-87. The statute requires only a showing that defendant used or threatened to use a dangerous weapon or implement and posed a danger or threat to the life of the victim. A dangerous weapon "is generally defined as any article, instrument, or substance which is likely to produce death or great bodily harm." *State v. Sturdivant*, 304 N.C. 293, 301, 283 S.E.2d 719, 725 (1981). Whether an instrument can be considered a dangerous weapon depends upon the nature of the instrument, the manner in which the defendant used it or threatened to use it, and in some cases, the victim's perception of it. *State v. Thompson*, 297 N.C. 285, 289, 254 S.E.2d 526, 528 (1979).

The implement in this case is a green glass bottleneck large enough to be held in the hand, about two and a half inches long. The broken edges of the bottleneck curve into two sharp, jagged points.

Defendant held this broken bottleneck to Ms. Pittman's face and lip. While Ms. Pittman did not see the bottleneck, she heard defendant threaten to "cut her bad." This evidence satisfies our requirement that the defendant use or threaten to use a dangerous weapon or

**STATE v. HARRIS**

[115 N.C. App. 560 (1994)]

implement. Courts of other jurisdictions have found a broken beer bottle to be a dangerous weapon. *Compton v. State of Texas*, 759 S.W.2d 503, 504 (Tex. App.-Dallas 1988); *People of the State of Illinois v. Ptak*, 193 Ill. App. 3d 782, 785, 550 N.E.2d 711, 713, 140 Ill. Dec. 826, 829, *appeal denied*, 132 Ill. 2d 552, 555 N.E.2d 383, 144 Ill. Dec. 264 (1990); and *Wright v. The State*, 175 Ga. App. 788, 788, 334 S.E.2d 382, 382 (1985). When defendant held the broken bottleneck to Ms. Pittman's face and lip and threatened to "cut her bad," the defendant's use of the broken bottleneck constituted a dangerous weapon.

We find that the trial court properly admitted State's Exhibit No. 1 into evidence and properly denied defendant's motion to dismiss the charge of attempted robbery with a dangerous weapon.

No error.

Judges EAGLES and LEWIS concur.