STATE OF NORTH CAROLINA v. HARRY WOOD

No. COA04-526

(Filed 15 February 2005)

## 1. Appeal and Error— preservation of issues—failure to assert issue at trial

Although defendant contends he was denied his state constitutional right to a verdict by a jury of twelve because fewer than all twelve jurors engaged in deliberations while having lunch, defendant failed to present this argument to the trial court and therefore this argument is not properly before the Court of Appeals. N.C. R. App. P. 10(b)(1).

## 2. Jury— juror misconduct—motion for mistrial

The trial court did not abuse its discretion in a first-degree murder, robbery with a dangerous weapon, first-degree kidnapping, and second-degree arson case by denying defendant's motion for a mistrial based on juror misconduct, because: (1) the trial court questioned the identified jurors individually regarding their lunch conversation; (2) the trial court individually questioned each juror regarding what he or she had expressed or heard regarding the jurors' opinions on the ultimate issues in the case; and (3) while the jurors' lunch conversation did violate the judge's instructions by discussing the demeanor of the witnesses before the close of all evidence, this misconduct did not substantially and irreparably prejudice defendant's case.

Appeal by Defendant from judgment entered 1 May 2003 by Judge Ronald E. Spivey in Superior Court, Forsyth County. Heard in the Court of Appeals 11 January 2005.

*Attorney General Roy Cooper, by Special Deputy Attorney General Teresa H. Pell, for the State.*

*Staples Hughes, Appellate Defender, by Constance E. Widenhouse, Assistant Appellate Defender, for defendant-appellant.*

WYNN, Judge.

Where the trial court inquired into juror misconduct and determined that no jurors had expressed their opinion on the ultimate issues in the case, the trial court did not abuse its discretion in deny-

ing Defendant's motion for a mistrial. After careful review of the record, we find no error.

Defendant, Harry Wood, was indicted by the Forsyth County Grand Jury for the first-degree murder of Edward Grant, robbery with a dangerous weapon, first-degree kidnapping of Mr. Grant, first-degree arson, and first-degree kidnapping of Earther Wynn. At the close of all evidence, the trial court dismissed the first-degree kidnapping charge with regard to Ms. Wynn.

At trial, after Defendant presented his evidence and while the State was presenting its rebuttal evidence, a local attorney, J.D. Byers, informed the trial court that while he was having lunch at Bon Appetit in Winston-Salem, North Carolina, he thought he overheard some of the jurors discussing witnesses in the case. The jury was brought into the courtroom, given a brief instruction, and then returned to the jury room. Mr. Byers identified two or three jurors he thought he heard discussing witnesses.

At Defendant's request, the trial court brought the identified jurors into the courtroom individually and questioned them. All jurors stated that they did not express or hear anyone express an opinion as to guilt or innocence of Defendant. One juror stated that during the lunch conversation jurors "joked about facial expressions and stuff like that, but nothing to do with the events of the case or anything like that." Defendant moved for a mistrial.

The trial court proceeded to individually question every juror and alternate juror. The trial court asked each juror the following questions:

> [H]ave you expressed your opinion about the guilt or innocence of the Defendant to other Jurors?

> [H]ave you heard any of the other Jurors discuss their opinions about the guilt or innocence of the Defendant?

> [H]ave you formed any opinion about this case based on anything you've overheard or talked with other Jurors about?

> [C]an you make your decision based solely upon the law and the evidence presented at trial?

All jurors answered the first three questions in the negative, and the last in the affirmative. Upon additional questioning by the defense counsel, one juror stated that more than half of the jurors had dis-

cussed questions they wanted answered, but no one had expressed any opinions about the ultimate issues. After the trial court questioned a juror, he or she was taken to a second jury room. After questioning all the jurors, the trial court denied Defendant's motion for a mistrial.

The jury found Defendant guilty of first-degree murder, second-degree arson, first-degree kidnapping, and robbery with a dangerous weapon. Defendant was sentenced to life imprisonment without parole on the first-degree murder charge; 100 months to 129 months imprisonment on the first-degree kidnapping charge; and a consecutive sentence of fifteen to eighteen months imprisonment on the second-degree arson charge. Defendant appealed.

---

On appeal, Defendant argues that he was denied his state constitutional right to a verdict by a jury of twelve and that the trial court erred in denying his motion for a mistrial. We disagree.

**[1]** Defendant first argues that he was denied his state constitutional right to a verdict by a jury of twelve because fewer than all twelve jurors engaged in "deliberations" while having lunch. Defendant did not present this argument to the trial court and therefore this argument is not properly before this Court on appeal. N.C. R. App. P. 10(b)(1).

**[2]** Defendant contends that the trial court erred in denying his motion for a mistrial without conducting an adequate investigation to determine whether Defendant was prejudiced by the jury misconduct. We disagree.

"A mistrial is appropriate only when there are such serious improprieties as would make it impossible to attain a fair and impartial verdict under the law." *State v. Blackstock*, 314 N.C. 232, 243-44, 333 S.E.2d 245, 252 (1985); N.C. Gen. Stat. § 15A-1061 (2004). Whether to grant a motion for mistrial is within the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless it is so clearly erroneous as to amount to a manifest abuse of discretion. *State v. Ward*, 338 N.C. 64, 92-93, 449 S.E.2d 709, 724 (1994), *cert. denied*, 514 U.S. 1134, 131 L. Ed. 2d 1013 (1995).

It is well-settled law in this State that the determination of the trial court on the question of juror misconduct will be reversed only where an abuse of discretion occurred. The reason for the rule of discretion is apparent. Misconduct is determined by the

facts and circumstances in each case. The trial judge is in a better position to investigate any allegations of misconduct, question witnesses and observe their demeanor, and make appropriate findings.

*State v. Harris*, 145 N.C. App. 570, 576, 551 S.E.2d 499, 503 (2001) (citing *State v. Drake*, 31 N.C. App. 187, 190, 229 S.E.2d 51, 54 (1976)).

"Where juror misconduct *is alleged* . . . the trial court must investigate the matter and make appropriate inquiry." *State v. Najewicz*, 112 N.C. App. 280, 291, 436 S.E.2d 132, 139 (1993) (emphasis omitted). "Not every violation of a trial court's instruction to jurors is such prejudicial misconduct as to require a mistrial." *Harris*, 145 N.C. App. at 578, 551 S.E.2d at 504.

Here, the trial court questioned the identified jurors individually regarding their lunch conversation. Additionally, the trial court individually questioned *each* juror regarding what they had expressed or heard regarding the jurors' opinions on the ultimate issues in the case. The trial court made an appropriate inquiry into the jury misconduct. *Najewicz*, 112 N.C. App. at 291, 436 S.E.2d at 139.

While the jurors' lunch conversation did violate the judge's instructions by discussing the demeanor of witnesses before the close of all evidence, this misconduct did not substantially and irreparably prejudice Defendant's case. *O'Berry v. Perry*, 266 N.C. 77, 81, 145 S.E.2d 321, 324 (1965) (no abuse of discretion where trial court refused to grant a mistrial after a juror, the plaintiff, and the plaintiff's witness walked to lunch together and discussed fishing); *Harris*, 145 N.C. App. at 578, 551 S.E.2d at 504 (no abuse of discretion where the trial court did not inquire into misconduct where a juror had summarized and typed his thoughts on the evidence while on a break in deliberation). Therefore, the trial court did not abuse its discretion in denying a mistrial.

Defendant did not present arguments for his three remaining assignments of error, therefore, they are deemed abandoned. N.C. R. App. P. 28(b)(6).

No prejudicial error.

Judges McGEE and TYSON concur.